# R E D A C T E D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-06-248-S-BLW |
| ) | |
| Plaintiff, ) | ORDER |
| ) | ON DENATURALIZATION |
| vs. ) | AGREEMENT |
| ) | |
| ANDRES CABRERA-ROJAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Court having reviewed the Agreement of the parties, the United States of America, by and through Thomas E. Moss, United States Attorney for the District of Idaho, through Rafael M. Gonzalez, Jr., Assistant United States Attorney, and the defendant, Andres Cabrera-Rojas, together with his attorney, S. Richard Rubin, finds and orders as follows:

## Background

Title 8, United State Code, Section 1451(a) authorizes a civil proceeding for denaturalization, that is, a procedure to revoke citizenship, set aside any order admitting an individual to United States citizenship, and cancelling any certificate of naturalization issuing therein.

On January 15, 2004, the defendant, ANDRES CABRERA-ROJAS, aka ANDRES ROJAS, was admitted to citizenship by Order of this Court and was issued Certificate of

Naturalization No. ▮▮▮▮▮▮▮▮, pursuant to that Order.

On November 12, 2004, the defendant pleaded guilty to conspiracy to possess with intent to distribute and deliver methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) in the District of Idaho, Case No. 04-156-S-BLW. That as part of his plea and cooperation agreement (Docket No. 67), the defendant admitted to conduct which he acknowledges would have made him ineligible for citizenship, and the defendant knew that had he disclosed said conduct during the pendency of his application for citizenship, he would not have been granted citizenship.

Administrative revocation of naturalization is no longer available to the government to revoke citizenship illegally obtained, and that the United States Attorneys have a duty under 8 U.S.C. § 1451(a) to institute denaturalization or revocation proceedings upon a showing of good cause to correct improprieties in the citizenship application process. *See Gorbach v. Reno*, 219 F.3d 1087 (9th Cir. 2000) (en banc) (holding that the Attorney General does not have the statutory authority to administratively reopen and revoke orders of naturalization).

In a civil denaturalization proceeding, the government must prove that naturalization was procured either illegally or by willful misrepresentation or concealment of material facts. *See* 8 U.S.C. § 1451(a). The government must prove its case by clear, convincing and unequivocal evidence which does not leave "the issue in doubt." *Chaunt v. United States*, 364 U.S. 350, 353 (1960) (*quoting Schniederman v. United States*, 320 U.S. 118, 125 (1943)). In fact, "[t]his burden is substantially identical with that required in criminal cases—proof beyond a reasonable doubt." *Klapprott v.*

*[R E D A C T E D] ORDER ON DENATURALIZATION AGREEMENT -- 2*

*United States*, 335 U.S. 601, 612 (1949).

Herein, the defendant did not contest the government's proffer of illegal procurement of citizenship. Rather, the defendant stipulated and agreed to formally renounce his citizenship; consent that the Order granting his citizenship be set aside; and that his Certificate of Naturalization No. ▮▮▮▮▮▮ issued pursuant to that Order, be set aside. *See* 8 U.S.C. § 1481(a)(6). In exchange for same, the government agreed to dismiss the instant criminal action now pending in this District under this case, No. 06-248-S-BLW; said dismissal being without prejudice. On December 18, 2006, this Court so ordered the dismissal of said criminal case.

## ORDER

The Court finds and orders as follows:

1. That the defendant, ANDRES CABRERA-ROJAS, aka ANDRES ROJAS, procured his United States citizenship and Certificate of Naturalization illegally by failing to disclose material facts and/or willfully misrepresenting certain facts, as contained in his Plea Agreement in Case No. 04-156-S-BLW, entered into with the United States on November 12, 2004 (Docket No. 67); and that had such material evidence been known to the government during the pendency of his application for naturalization, defendant would not have been granted citizenship.

2. The Court hereby orders that the United States citizenship of ANDRES CABRERA-ROJAS, aka ANDRES ROJAS, Alien Registration No. ▮▮▮▮▮▮, date of birth ▮▮▮▮▮▮, and social security number ▮▮▮-▮▮-6272 is revoked; the Court sets aside its Order dated January 14, 2004, admitting defendant to United States

*[R E D A C T E D] ORDER ON DENATURALIZATION AGREEMENT -- 3*

citizenship; and the Court orders that defendant's Certificate of Naturalization No. ▓▓▓▓▓▓▓▓, issued pursuant to that Order is hereby cancelled.

3. The Court finds that by agreement with the United States, the defendant is forever restrained and enjoined from claiming any rights, privileges, benefits, or advantages under any document evidencing United States citizenship derived from said application process, order and certificate.

4. The Court orders the defendant to immediately surrender and deliver to the Attorney General of the United States, as represented by the undersigned Assistant United States Attorney, his Certificate of Naturalization No. ▓▓▓▓▓▓▓▓; his United States passport, should he possess one; and any other indicia of United States citizenship.

5. This order of the Court will become effective on or about April 15, 2007, which will give the defendant time to complete the service of his sentence imposed on January 25, 2005, in Case No. 04-156-S-BLW, the matter in which he pleaded guilty on November 12, 2004.

Good cause appearing therefore, IT IS SO ORDERED.

DATED: **March 13, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge